IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.          Case Nos.:    1:12cr6/WS/GRJ-1
                                                     1:13cv68/WS/GRJ

JAMES RAY WILLIAMS

## **ORDER AND REPORT AND RECOMMENDATION**

Defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in which he alleges that counsel was constitutionally ineffective because he failed to file an appeal, as requested. (Doc. 215 at 4.) The Government conceded in its response that Defendant was deprived of his appellate rights through the inattention of his attorney and it does not object to the court granting Defendant the opportunity to pursue an out of time appeal. (Doc. 218 at 2.)

The Eleventh Circuit has stated that the proper procedure when an out of time appeal is warranted is: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is fourteen days, which is dictated by Federal Rule of Appellate Procedure 4(b)(1)(A)(i). United States v. Parrish, 427 F.3d 1345, 1347 (11th Cir. 2005) (quoting United States v.

Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000)); United States v. Palacios, 516 F. App'x 734 (11th Cir. 2013).[1]

Accordingly it is **ORDERED**:

Defendant's (unsigned) motion for ripeness (Doc. 228), in which he requests ruling on the pending § 2255 motion is **GRANTED**.

And, it is respectfully **RECOMMENDED**:

Defendant's motion to vacate, set aside, or correct sentence (Doc. 215) should be **GRANTED**; counsel should be appointed for Defendant; and Defendant's sentence should be vacated and reimposed, as set forth herein.

**IN CHAMBERS** at Gainesville, Florida, this 12th day of August, 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** United States v. Roberts, **858 F.2d 698, 701 (11th Cir. 1988).**

---

[1] An order granting a § 2255 petition, and reimposing sentence, will reset to zero the counter of collateral attacks pursued and will not render subsequent collateral proceedings "second or successive." McIver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002) (quoting Shepeck v. United States, 150 F.3d 800, 801 (7th Cir. 1998)).

Case Nos.: 1:12cr6/WS/GRJ; 1:13cv68WS/GRJ